

B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

**Dated: March 11th, 2022**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## IN CHARLESTON

| IN RE: | CASE NO. 2:21-bk-20207 |
|---|---|
| DOUGLAS PHAY VANDEVENDER, | CHAPTER 7 |
| Debtor. | JUDGE MCKAY MIGNAULT |

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO RECONSIDER

Pending is a letter written to the Court by Creditors David L. Vandevender and Donna L. Vandevender [dckt. 42]. As the letter requests reconsideration of a prior order of the Court, the letter will be treated as a Motion to Reconsider and will be analyzed as such. The Debtor did not file a response to the letter.

### I.

**A.  Procedural History and Facts**

On May 28, 2019, David Vandevender filed a Civil Complaint against Douglas Vandevender in Pocahontas County based on a breach of contract claim stemming from Douglas Vandevender's alleged misdeeds with regards to the distribution of their late parents' estate. On June 24, 2019, the Magistrate Court of Pocahontas County issued a civil judgment order in David Vandevender's favor against Douglas Vandevender in the amount of $10,000, plus interest at the rate of 5.50% per year. David Vandevender recorded the judgment in Pocahontas County.

Douglas Vandevender filed his Chapter 7 Petition on September 1, 2021. The case proceeded in the normal course. On November 10, 2021, David and Donna Vandevender

commenced an adversary proceeding against Douglas Vandevender seeking to prevent his discharge. That adversary proceeding remains pending.

In the main case, Douglas Vandevender filed a Motion to Avoid Lien on November 29, 2021. The subject of the Motion was the judgment lien filed in Pocahontas County. David and Donna Vandevender objected, and the Court held a hearing on the matter on January 5, 2022. At the hearing, the Court granted the relief requested and subsequently entered an order avoiding the lien held by David and Donna Vandevender.

The basis for the relief was 11 U.S.C. § 522(f), which provides that a debtor may avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under § 522(b). In the instant case, the lien held by David and Donna Vandevender attached to Douglas Vandevender's residential real property; namely, his interest in a mobile home located at 1542 Thornwood Road, Bartow, West Virginia. Although there are no consensual liens encumbering the property, the property is valued at $14,100 , and Douglas Vandevender is entitled to exempt the full amount of that equity pursuant to West Virginia Code § 38-10-4(a). Therefore, the Debtor was entitled to avoid the lien because it impaired his homestead exemption.

At the hearing on the Debtor's Motion to Avoid Lien and the Vandevender's objection, the Court cautioned the Vandevenders that the Court cannot provide them with legal advice and urged them to obtain counsel to represent their interests. However, the Court attempted to explain the intricacies of the situation to David and Donna Vandevender, as they are proceeding *pro se* in this matter. The Court also attempted to clarify that, although David and Donna Vandevender's lien had been avoided, they would remain unsecured creditors and would be paid a *pro rata* share of any estate funds paid to general unsecured creditors. Furthermore, the Court

endeavored to explain to David and Donna Vandevender that the lien avoidance would have no effect on their adversary proceeding, which would continue proceeding in the ordinary course—in the event they should prevail in the adversary proceeding, their unsecured claim would also be nondischargeable.

David and Donna Vandevender submitted their letter requesting reconsideration (the "Reconsideration Letter") just after the hearing, on January 13, 2021. The Reconsideration Letter asks the Court to "keep this case No: 19-M38C-00268 (CK), [i]n the Magistrate Court of Pocahontas County, West Virginia. CIVIL ABSTRACT OF JUDGMENT [b]e [v]alid in favor of David L. Vandevender Sr. until [p]aid-in-[f]ull by the Debtor Douglas Phay Vandevender" and requests that "David L. Vandevender Sr. and Donna L. Vandevender . . . [be allowed to] collect money from the Debtor Douglas Phay Vandevender under any and all [l]egal avenues of the [l]aw." The Court interprets the Reconsideration Letter to request that the Court revisit its decision with respect to the Debtor's Motion to Avoid Lien.

## II.

### A.　　Governing Standard

Motions to Reconsider are generally governed by Rules 59 and 60 of the Federal Rules of Civil Procedure, made applicable hereto by Federal Rules of Bankruptcy Procedure 7059 and 7060.

The decision to grant a Rule 59(e) motion is a matter within the discretion of the trial court *Pathways Psychosocial v. Town of Leonardtown, MD*, 223 F. Supp. 2d 699, 706 (D. Md. 2002); *see also Pac Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). The rule is an "extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n*

*for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).  Three situations merit relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Id.*  In addition to one of the foregoing circumstances, some courts have found that a movant must also demonstrate that alteration or amendment "will result in a different disposition of the case."  *See, e.g.*, *In re Henning*, 420 B.R. 773, 784 (Bankr. W.D. Tenn. 2009).

A "manifest injustice" is synonymous with a "clear error."  *Id.* at 785.  It occurs "where a court has 'patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'"  *South Carolina v. U.S.*, 232 F. Supp. 3d 785, 799 (D.S.C. Feb. 7, 2017) (citations omitted); *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010).  In evaluating a motion to reconsider, manifest injustice is defined as "an error by the court that is direct, obvious, and observable."  *Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007) (citations omitted).

Importantly, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case," *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 467 (D. Md. 2002); *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d. 676, 677 n.1 (D. Md. 2001)), and "[a] party's mere disagreement with the Court's ruling does not warrant a Rule 59(e) motion." *Bank Meridian, N.A. v. Ultra Holdings, LLC (In re Earth Structures, Inc.)*, 490 B.R. 199, 215 (Bankr. D.S.C. 2013) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).  As put by my sister court in the North, "[a] motion for reconsideration is an extraordinary means of relief in which the movant

must do more than simply reargue the facts or law of the case." *In re Lackey*, 352 B.R. 769, 771 (Bankr. N.D. W. Va. 2006) (Flatley, C.J.).

Similarly, a successful Rule 60(b) motion requires that "a party . . . demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (citing *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). After passing through these gateway requirements, the movant "must satisfy one of the six specific subsections of Rule 60(b)." *Id*. (internal quotation and citation omitted). Only two of the Rule 60(b) subdivisions conceivably apply here, namely, (1) and (6). These specific grounds permit relief when there has been "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. §§ 60(b)(1), (6).

**B.    Analysis**

Neither Rule 59 nor Rule 60 have been satisfied here. As for Rule 59, neither of the three bases have been demonstrated; David and Donna Vandevender have not argued that there was an intervening change in controlling law, nor have they pointed to any new evidence or any kind of clear error of law. Furthermore, they have not submitted any evidence that the Court's ruling has resulted in manifest injustice. Under Rule 60, David and Donna Vandevender have not pointed to any mistake, inadvertence, surprise, or excusable neglect, nor have they proposed any other reason to justify the relief of reconsideration.

**III.**

Because David and Donna Vandevender have not satisfied the requirements of Rules 59 and 60, the Court denies reconsideration of Debtor's Motion to Avoid Lien. However, the Court reiterates to David and Donna Vandevender that, although their lien has been avoided, the underlying debt remains a valid unsecured debt. Although they may be simply unsecured creditors with an allowed claim, they are entitled to a share of any distribution made by the Chapter 7 Trustee to unsecured creditors. Furthermore, this decision does not impact the validity of the adversary proceeding; that matter will continue in the normal course and is unaffected by avoidance of the lien. Accordingly,

**IT IS ORDERED** that David and Donna Vandevender's Reconsideration Letter be, and is hereby, **DENIED.**